UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

| | | |
|---|---|---|
| **Minnesota Twins Partnership** (a/k/a The Minnesota Twins), a Minnesota Partnership, and **MTI Partnership, LLP** (f/k/a MTI Partnership) a Minnesota limited Partnership, Plaintiffs, | ) | |
| vs. | ) | File No. 00-CV-356 ADM/AJB |
| **United States of America,** Defendant. | ) | |

**STIPULATION AND PROTECTIVE ORDER**

The parties, by their undersigned counsel, hereby stipulate to entry of the following:

**PROTECTIVE ORDER**

Pursuant to the provisions of Federal Rule of Civil Procedure 26(c), the Court enters this Protective Order for the purpose of assuring the confidentiality of certain information that may be disclosed by the parties in the course of discovery proceedings.

1. For the purposes of this Order, "confidential information" shall mean any testimony, document, information or other material relating to trade secrets or other confidential research, development, commercial or proprietary information which has been in good faith designated as "confidential" by the parties or non-party disclosing such information, whether such disclosure be made voluntarily, informally or pursuant to formal discovery procedures. The designation of such confidential information must be accompanied by a written statement (or

FILED FEB 0 9 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

oral statement in the case of testimony) specifically setting forth the reason for the claim of confidentiality.

2. The term "confidential information" includes any information that is disclosed by a party to the opposing party or its counsel in the course of discovery proceedings in this action and which, at or before the time of disclosure, has been designated as "confidential" by the party disclosing it in one or more of the following ways:

a. Information set forth in an answer to an interrogatory may be so designated by including the word "confidential" in the answer.

b. Information contained in any document or part thereof may be so designated by marking the word "Confidential" on the document or any copy of it delivered to the opposing party or its counsel or by giving written notice to counsel for the opposing party, describing the document or part thereof either specifically or by category.

c. Information contained in an answer to any question asked during an oral deposition may be so designated by a statement made on the record during the course of the deposition and on the same day that the answer is given.

3. This Order shall not apply to any information that is in the public domain, that is publicly available and/or that is produced by or received from any person that is not a party to this action unless such person designates such information as confidential in accordance with this Order.

4. Except as set forth in paragraph 6 below, "Confidential Information" disclosed to opposing parties or its counsel during the course of discovery proceedings in this action:

a. Shall be used by the opposing party and counsel only for purposes of this action.

b. Shall not be published to the public in any form by the opposing party or counsel, nor used by the opposing party for any business or commercial purposes.

c. Shall be disclosed by the opposing party or its counsel only to the following persons:

(1) The opposing party or attorneys of record for the opposing party, including any attorneys employed by a law firm of record that represents the opposing party.

(2) Secretarial, clerical and paralegal or student personnel employed full-time or part-time by attorneys or a law firm that represents the opposing party.

(3) Independent (non-employee) expert witnesses or advisors retained by the opposing party in connection with this action.

(4) Officers, managerial or key personnel of the opposing party.

(5) Court reporters or stenographers engaged to record deposition testimony and their employees.

(6) Such other persons as hereafter may be authorized by the Court upon motion of either party.

5. A copy of this Protective Order shall be delivered to each of the named parties and to each person within categories (3), (4) and (6) of paragraph 4.c. above to whom a disclosure of confidential information is made, at or before the time of disclosure, by the party making the disclosure or by its counsel. The provisions of this Protective Order shall be binding upon each such person to whom disclosure is made.

6. The provisions of this Order shall not be construed as preventing:

a. Any disclosure of confidential information by the party that designated the information as such.

b. Any disclosure of confidential information to any judge, magistrate or employee of this Court for purposes of this action.

c. Any disclosure of confidential information for the purpose of law enforcement.

7. All information subject to confidential treatment in accordance with the terms of this Order that is filed with the Court and any pleadings, motions, or other papers filed with the Court disclosing any confidential information shall be filed under seal and kept under seal until further order of the Court. Where possible, only the confidential portions of filings with the Court shall be filed under seal.

8. This Protective Order shall not:

a. Operate as an admission by any party that any particular discovery material contains or reflects trade secrets, proprietary or commercial information or other confidential matter.

b. Prejudice in any way the right of a party to object to the production of documents it considers not subject to discovery.

c. Prejudice in any way the right of a party to seek a Court determination:

(1) Whether particular discovery material shall be produced;

(2) If produced, whether such material such be subject to the terms of this Protective Order.

d. Prejudice in any way the right of a party to apply to the Court for a further protective order relating to any confidential information.

9. Should any party to whom confidential information is disclosed at any time object to the designations of such information as "confidential" and should it be unable informally to resolve such with the disclosing party, the objecting party shall, within thirty (30) days from the making of its objection, submit such dispute to this Court for resolution; provided, however, that any such information, the designation of which is the subject of dispute, shall be treated as confidential and shall be subject to the restrictions on use and disclosure contained in the Order until the Court resolves the dispute.

10. Upon submission of such dispute to this Court, the party claiming confidentiality of such information shall have the burden of establishing that the information is of the kind or of the nature for which a protective order should be issued pursuant to the Federal Rules of Civil Procedure.

11. Upon the conclusion of this litigation, all confidential information supplied by any producing party and all copies thereof shall be returned to the producing party or such confidential discovery material shall be certified to have been destroyed.

12. Nothing in this Order shall preclude a party from offering confidential information into evidence at the trial of this action.

Respectfully submitted,

SHREFFLER LAW FIRM, P.A.

Dated: February 8, 2001.

By: Charles Shreffler

Charles R. Shreffler, #181295
2116 Second Avenue South
Minneapolis, MN 55404-2606
Telephone: (612) 872-8000

OF COUNSEL:

James L. Huston
Zhu Lee
FOLEY & LARDNER
777 East Wisconsin Avenue
Milwaukee, Wisconsin 53202-5367
Telephone: (414) 297-555

Attorneys for Plaintiffs
Minnesota Twins Partnership and
MTI Partnership LLP

ROBERT SMALL
Acting United States Attorney

Dated: February 7, 2001.

By: Rachel D Cramer
Charles P. Hurley
Rachel D. Cramer
Tax Division
U. S. Department of Justice
P.O. Box 7238, Ben Franklin Station
Washington, D.C. 20044
Tele: (202) 514-6540

Attorneys for Defendant
United States of America

SO ORDERED

Dated: February 9, 2001.

Hon. Ann D. Montgomery
United States District Judge

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

OFFICE OF THE CLERK
300 S. FOURTH ST., SUITE 202
MINNEAPOLIS, MN 55415

# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

*Guidelines for filing with a U.S. District Judge or Magistrate Judge:*

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.